UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re DEVIN M. HARMON,<br><br>        Petitioner. | NO. CV 18-0313-JLS (AGR)<br><br>ORDER DENYING PETITION<br>FOR WRIT OF MANDAMUS |

On January 12, 2018, Mr. Harmon filed a document that is captioned in both the California Supreme Court and the Central District of California. Although some of the writing is illegible, the document is entitled "Petition for Writ of Mandamus Due to a Violation of Pre-established state law in accordance to CA Evid. Code § 623."[1] For the reasons set forth below, the Court denies the Petition for Writ of Mandate.

---

[1] The document has been incorrectly docketed as a petition for writ of habeas corpus. The Clerk is directed to correct the docket entry.

**I.**

**SUMMARY OF PROCEEDINGS**

A.  **Prior Related Litigation**

On January 23, 2007, Petitioner filed a complaint under 42 U.S.C. § 1983 against the City of Glendale and others. *Harmon v. City of Glendale, et al.*, CV 07-398 JLS (AGR) (hereinafter "2007 federal case"). On June 10, 2008, the Court granted the Defendants' motion for summary judgment motion and, on June 11, entered judgment dismissing the action with prejudice. (Dkt. Nos. 148-49.) Briefly, Petitioner alleged malicious prosecution after he had been acquitted in 2005 of burglary and possession of stolen property based on a 2004 incident. As relevant here, the Court granted Defendants' motion for summary judgment on the issue of probable cause to arrest Plaintiff based on latent fingerprint evidence and items recovered upon execution of a search warrant. On August 5, 2010, the Ninth Circuit affirmed. *Harmon v. Marshal*, 391 Fed. Appx. 632 (2010).

The Court has denied several post-judgment motions during the period 2011-2017. (Dkt. Nos. 173, 180, 184, 216, 231, 233, 237, 241, 245.) The Order dated September 10, 2017 contains a brief history of the rulings on the post-judgment motions. (Dkt. No. 241.) Petitioner argued that there is a discrepancy between the declaration filed by Mr. Marshall, a fingerprint specialist, in support of Defendants' motion for summary judgment in the 2007 federal case and his testimony at a later criminal trial on different charges against Petitioner. "Marshall was a forensic specialist for the city of Glendale Police Department from July 1983 until his retirement in August 2006. In his declaration about the 2004 incident, Marshall stated that Plaintiff's fingerprints were a positive match to fingerprints Marshall lifted from a 1992 red Ford Festiva. (Marshall Decl. ¶¶ 4-8.) Forensic supervisor Debbie Stivers independently verified Marshall's findings. (*Id.* ¶ 8.) Marshall also stated that Plaintiff's fingerprints were a positive match to fingerprints he lifted from an envelope. (*Id.* ¶¶ 9-10.) Forensic specialist Cindy

Edison verified Marshall's findings. (*Id.* ¶ 10.) By contrast, in Marshall's trial testimony dated November 30, 2005 in a later criminal case against Plaintiff, Case No. GA061537,[2] "Marshall testified that he did not work on the May 2005 events that were the subject of that criminal trial. On cross examination, Marshall was asked who verified his findings in the 2004 incident. Marshall testified that Mr. Rodriguez performed the verification "in the initial stage" and Ms. Edison verified the match from the envelope." (Order, Dkt. No. 241 at 4 (citations and footnotes omitted).) Petitioner also argued that Marshall's declaration should have been barred by Cal. Evid. Code § 623 because it constituted a fraud on the court. All of these arguments have been rejected. (*Id.* at 4-6.)

### B. The Petition for Writ of Mandamus

On January 12, 2018, Plaintiff filed the petition for writ of mandamus ("Petition"). The Petition argues that, in the 2007 federal case in this court, the City of Glendale violated Cal. Evid. Code § 623 by submitting Marshall's declaration, which was inconsistent with his subsequent trial testimony in a later criminal case against Petitioner. (*See* Petition at 1-6.[3])

The Petition requests that this Court "order the City of Glendale" to "officially correct this miscarriage of justice;" pay damages to Mr. Harmon; "[d]ismiss all charges" in Superior Court Case No. GA061537 (under which Plaintiff is currently serving his sentence); restore his civil liberties; expunge his criminal record; and reinstate his driver's license. In return, Petitioner agrees to forfeit his right to sue over Case No. GA061537. (Petition at 11-12.)

---

[2] In Superior Court Case No. GA061537, Harmon was convicted of seven counts of first degree burglary, seven counts of receiving stolen property and one count of receiving a stolen vehicle. On appeal, the California Court of Appeal reversed the count for receiving a stolen vehicle and otherwise affirmed the judgment. *People v. Harmon*, 2007 Cal. App. Unpub. LEXIS 2194, *7-*14 (Mar. 19, 2007).

[3] Page citations are to the page numbers assigned by the CM/ECF system in the header.

## II.

## THE EXTRAORDINARY REMEDY OF MANDAMUS IS UNWARRANTED

Under the All Writs Act, federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). "An alternative writ or rule nisi may be issued by a justice or judge of a court which has jurisdiction. *Id.* § 1651(b). Mandamus is a "drastic and extraordinary remedy reserved for really extraordinary causes." *Cheney v. U.S. District Court for Dist. of Columbia*, 542 U.S. 367, 380 (2004) (citation omitted). The party seeking mandamus must satisfy three conditions: (1) no other adequate remedy is available; (2) the right to the writ is "clear and indisputable;" and (3) the issuing court, in its discretion, determines that a writ is appropriate under the circumstances. *Id.* at 380-81.

Mr. Harmon has not shown any basis for the relief he seeks and has not satisfied the *Cheney* conditions. His right to the relief he seeks is not "clear and indisputable" for the reasons stated in this court's post-judgment rulings in the 2007 federal case. Mr. Marshall's trial testimony in Superior Court Case No. GA061537 and Cal. Evid. Code § 623 does not support any basis for relief in the 2007 federal case.

Accordingly, IT IS ORDERED that the Petition is DENIED and this action is dismissed with prejudice.

DATED: March 23, 2018

JOSEPHINE L. STATON
United States District Judge